| | |
|---|---|
| MICHAEL SLAFKA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) **ORDER** |
| FNU LNU, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on its August 18, 2021, Order, (Doc. No. 2).

Plaintiffs Michael Slafka and David Carr, proceeding *pro se,* have filed a Complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] for: due process violations, racketeering, obstruction of justice, mail fraud, honest services fraud, conspiracy, computer fraud and abuse, tortious interference, fraud, false entries, and mental anguish. (Doc. No. 1 at 9). The sole Defendant is identified as "FNU LNU a/k/a 'M-G-A,'" whom Plaintiffs identify as "Assistant Clerk, United States District Court for the Western District of North Carolina, Charlotte Division…." (Doc. No. 1 at 1, n.5). The Plaintiffs assert that the Defendant assisted a "group of deplorable, morally bankrupt individuals" to perpetrate fraud against them, and against the Court, in another pending case, Slafka v. Reece, 3:21-cv-217-FDW-DCK. (Doc. No. 1 at 2). The Plaintiffs seek not less than $999,999,999.99 in damages, injunctive relief, fees and costs, a jury trial, and all other relief the Court deems appropriate.

On August 8, 2021, the Court issued an Order informing the Plaintiffs that it intends to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

---

[1] Plaintiffs specifically state that they are not suing under the Federal Tort Claims Act. (Doc. No. 1 at 1, n.2).

Procedure on the grounds of immunity and/or for failure to state a claim upon which relief can be granted. See Robertson v. Anderson Mill Elem. Sch., 989 F.3d 282, 290-91 (4th Cir. 2021) (district courts may dismiss a complaint *sua sponte* after the party whose complaint stands to be dismissed is afforded notice and the opportunity to amend or otherwise respond). The Court instructed the Plaintiffs to amend the Complaint within 30 days and cautioned them that the failure to timely comply would result in this case's dismissal without further notice. (Doc. No. 2).

The Plaintiffs failed to file an Amended Complaint and the time to do so has expired. Therefore, this action will be dismissed without prejudice. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 631-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED that:**

1. This action is **DISMISSED** without prejudice for Plaintiffs' failure to comply with the Court's August 18, 2021 Order.

2. The Clerk of this Court is directed to close this case.

Signed: September 27, 2021

Frank D. Whitney
United States District Judge